**Richard MERCADO, Petitioner,**

v.

**UNITED STATES, Respondent.**

**No. 02 CIV. 2731(VM).**

United States District Court,
S.D. New York.

Dec. 4, 2002.

Richard Mercado, Ray Brook, NY, pro se.

---

### DECISION AND ORDER

MARRERO, District Judge.

Pro se petitioner Richard Mercado ("Mercado"), incarcerated at Ray Brook federal correctional institution, filed a motion before this court requesting a re-sentencing pursuant to 28 U.S.C. § 2255 (" § 2255"). As constitutional grounds for relief, he asserts ineffectiveness of counsel. Specifically, Mercado contends that his attorney did not argue that Mercado's 42–month sentence should be reduced further to give Mercado credit for "good time" earned while in state custody that he supposedly would have received if he had been sentenced to 96 months' incarceration. The United States (the "Government") filed a brief opposing this motion. For the reasons set forth below, Mercado's motion is DENIED.

### I. FACTS

On February 9, 2001, Mercado pled guilty before this Court, pursuant to a plea agreement with the Government, to Counts One and Two of a superseding information (the "Information") in *United States v. Mercado*, No. S4 00 Cr. 237–7. Counts One and Two of the Information charged that Mercado committed the same unlawful act on two separate occasions in October and November of 1996. In particular, the counts charged that during each of those months, Mercado unlawfully used a communication facility, such as a telephone, to facilitate a narcotics conspiracy, in violation of 21 U.S.C. § 843(b).

In sentencing Mercado on May 4, 2001, the Court determined that a term of imprisonment of 96 months would be appropriate in connection with Mercado's conviction in the instant case. The Court therefore ordered Mercado to be imprisoned in federal custody for a total of 42 months. This term represented the difference between the 96–month term and the 54 months Mercado had already served in state custody as a part of a sentence imposed by a New York State court in connection with Mercado's conviction for offenses related to the charges to which he pled guilty in the matter at hand. In essence, the Court allowed Mercado's total federal sentence to run concurrently with his state sentence in order to enable Mercado to obtain full credit for his state imprisonment because the associated state conviction arose from some of the same acts that gave rise to his federal conviction.

On November 21, 2001, Mercado filed a "Motion to Void Judgment and to Correct Clerical Mistake" ("First Motion") under Federal Rules of Civil Procedure 60(a) and 60(b)(4) or 60(b)(6). He argued that the Court erred in imposing a 96–month total term of imprisonment before it considered

the concurrent state term of imprisonment. The substance of Mercado's theory was that, considering the 54 months he had served in state custody, he should not have been subject to any federal term of imprisonment because he had already served more than 48 months, the maximum statutory prison term for a violation of 21 U.S.C. § 843(b). This contention ignores the fact that Mercado pled guilty to and was sentenced in connection with not one, but two distinct violations of the statute, each charge carrying a 48–month maximum prison term. On this basis, the Court denied this First Motion in an Order dated January 2, 2002.

On April 9, 2002, Mercado filed the motion now before the Court pursuant to § 2255 to set aside his sentence, this time requesting a re-sentencing based on a claim of ineffective assistance of counsel. Mercado asserts that the representation his attorney provided was constitutionally defective because counsel did not argue that Mercado's 42–month federal custody sentence should be reduced further to give Mercado credit for "good time" earned while in state custody that he supposedly would have received if he had been sentenced to 96 months' incarceration.

## II. *DISCUSSION*

At the outset, the Court notes that the instant motion is simply a restatement of Mercado's First Motion, though dressed in a slightly different garment. At bottom, Mercado repeats the same claims he asserted in the First Motion, namely that his state custody should have been a factor in reducing or eliminating his federal imprisonment. The Court's view of this matter has not changed, and consequently the Court again denies Mercado's motion. However, the Court will briefly address the issues involved with the new approach Mercado employs to reassert these old matters.

■ First, Mercado entered into a plea agreement under which he explicitly agreed not to appeal or litigate under § 2255 if the sentence he received fell within or below the stipulated guideline range of 96 months imprisonment. The record of Mercado's sentencing shows that Mercado was asked twice to confirm that he understood this agreement and the fact that the agreement prevented him from invoking § 2255, and Mercado twice answered affirmatively. (See Transcript of Plea Hearing, dated February 9, 2001, at 20.) Perhaps in part for this reason, Mercado did not raise this claim of ineffective assistance of counsel on direct appeal, and therefore is barred from invoking § 2255 as a substitute for such direct appeal. *See Mendez v. United States,* 99 CIV. 3496(JFK), 2002 WL 1402321, at *3 (S.D.N.Y. June 28, 2002) (" § 2255 may not be used as a substitute for direct appeal.").

■ Moreover, Mercado's claims are not cognizable in a § 2255 motion. To prevail on such a motion, a prisoner must demonstrate that either "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Mercado's motion satisfies none of these requirements, and thus fails to meet the § 2255 standards.

## III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that Mercado's motion for a re-sentencing based on ineffective assistance of counsel pursuant to § 2255 is DENIED.

**SO ORDERED.**